AES
F#2012R01604

FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

OCT 16 2012

LONG ISLAND OFFICE

★ 12-0959M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

KEVIN BARRY O'CONNELL,

        Defendant.

- - - - - - - - - - - - - - - - - -X

COMPLAINT

M. No. _____
(18 U.S.C. § 2252(a)(2))

EASTERN DISTRICT OF NEW YORK, SS.:

       DEBRA GERBASI, being duly sworn, deposes and says that she is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

       On or about and between April 8, 2012 and October 13, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KEVIN BARRY O'CONNELL did knowingly and intentionally receive visual depictions using a means and facility of interstate and foreign commerce, which visual depictions had been mailed, shipped and transported in and affecting interstate and foreign commerce, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct and such visual depictions were of such conduct.

       (Title 18, United States Code, Section 2252(a)(2)).

The source of my information and the grounds for my belief are as follows:[1]

1.   I have been employed as a Special Agent with HSI, formerly Immigration and Customs Enforcement, since 2002, and am currently assigned to the Long Island Assistant Special Agent in Charge Office.  I am currently assigned to investigate Sexual Exploitation of Children ("SEOC") violations of federal law, including the production, importation, advertising, receipt, possession and distribution of child pornography which occur in the Eastern District of New York.  I have consulted with other HSI Agents and law enforcement personnel who have extensive training and experience in child sexual exploitation investigations and computer forensics.  I am also a member of the Eastern District of New York Project Safe Childhood Task Force.

2.   I am familiar with the information contained in this affidavit based on my own personal participation in the investigation, my review of documents, my training and experience, and discussions I have had with other law enforcement personnel concerning the creation, distribution, and proliferation of child pornography.  Additionally, statements attributable to individuals herein are set forth in sum and substance and in part.

_____

[1]   Because the purpose of this complaint and affidavit are merely to establish probable cause to arrest, I have not set forth all of the facts and circumstances concerning this investigation of which I am aware.

## BACKGROUND INVESTIGATION

3.     As part of an undercover operation, on or about and between May 2, 2012 and June 2012, both dates being approximate and inclusive, an HSI agent was investigating computers with New York IP addresses that were offering or had been previously sharing child pornography on the Internet via a peer-to-peer program.[2]  The agent was looking for offenders actively sharing child pornography within New York State via a peer-to-peer network.  Using P2P software,[3] the HSI agent identified IP address 69.113.249.127, as a computer that had been recently been observed connected to the Internet, which computer was reporting to other peers that it was sharing images and/or videos related to child pornography, based upon the eD2K hash values which were known by law enforcement to

_____

[2]     "Peer to Peer" (also known as "P2P") are file sharing programs that allows people to exchange documents and files between computers.  Many of the software programs are available for free on the Internet.  When installed, the P2P program allows the installer to designate certain files to share, generally placed in a "shared folder."  The files located in the "shared folder" are accessible to anyone who uses the same program by simply searching for specific files and downloading the files.  With regard to the proliferation of child pornography, P2P software programs are often used to exchange images of child pornography.

[3]     It should be noted that the ability of agents to view the names and signatures of files on the user's computer is a direct result of the user's free and independent choice to make those files publicly available in furtherance of file-sharing activities and/or use of the file sharing network to obtain child pornography, and is not a function of any software designed by or proprietarily utilized by law enforcement.  Simply stated, in choosing to use the P2P file sharing software, the user has in effect advertised publicly, via the Internet, which files are on their hard drive, and may be making those files available to P2P network users.  Law enforcement officers have simply availed themselves of this information by accessing the P2P networks in the same fashion as is available to any private individual.

match previously identified child pornography hash values.

        4.    Titles of video and image files hosted by a computer at IP address 69.113.249.127 were indicative of child pornography. Based upon eD2K hash value matches, the computer at IP Address 69.113.249.127 was reporting to other peers that the following files (among others) were available for sharing:[4] [5]

      a.    The video file with a hash value of "AC6424F0E38C7FCE4BA79FFF05A9663D" starts with the title "Russians Flowers #9" and shows three young males between the ages of 8-14 masturbating, performing oral and anal sex on one another. This video file was offered for sharing on April 12, 2012 at 00:23 GMT;

      b.    The video file with a hash value of "21B4D07C9631896391A70B9CF632B2A7" depicts two young males who are naked while lying on a bed. One of the males is straddling the other while masturbating. The males appear to be about 12-14 years of age. This video file was offered for sharing on May 26, 2012 at 00:19 GMT; and

      c.    The video file with a hash value of "991FA60FBAFE9DC72434FAF1E9E72912" depicts two boys that appear to be about 12-14 years of age. They get into a pool naked and start kissing, then a shower scene shows oral sex, masturbation, and anal sex between the boys. This video file was offered for sharing on June 3, 2012 at 00:19 GMT.

Although the HSI agent did not connect and attempt to download these files, the eD2K hash value match conclusively established that these files were present on a computer using IP Address

---

[4]    It should be noted that P2P software may be reporting files as available for sharing even while a user has disallowed sharing. This is a function of the P2P file sharing programs.

[5]    These images were reviewed by the Honorable United States Magistrate E. Thomas Boyle on October 15, 2012 pursuant to the issuance of a search warrant for the residence of defendant KEVIN BARRY O'CONNELL, located in Patchogue, New York (described below).

69.113.249.127 on the dates set forth above.

5.    Pursuant to the investigation, it appears that the computer using IP Address 69.113.249.127, was in use and reporting to peers that it was sharing various child pornography files between approximately March 13, 2012 and as recently as October 13, 2012.

6.    Records obtained via administrative subpoena from the internet service provider for this IP Address showed that at the date and time of the undercover download, the IP Address was subscribed to the residence of defendant KEVIN BARRY O'CONNELL.

### THE SEARCH OF DEFENDANT'S RESIDENCE

7.    On October 16, 2012, I and other law enforcement personnel executed a search warrant issued by the Honorable United States Magistrate Judge E. Thomas Boyle for the Eastern District of New York at the residence of defendant KEVIN BARRY O'CONNELL in Patchogue, New York.  Defendant O'CONNELL was present at the time of the search.  Agents informed O'CONNELL that the search concerned cyber crimes, potentially involving child pornography.  O'CONNELL was asked how many computers were in the residence and what individuals used those computers.  O'CONNELL stated that there was one computer and that he was the only person who used that computer.  Agents also asked O'CONNELL whether he had any thumb drives at his residence.  O'CONNELL stated that he only had one thumb drive, which contained work information, and advised the agents that it was located on his desk.  During the search, agents discovered an additional four thumb drives - one on the defendant's

-5-

desk, and three in a pocket of a jacket that was hanging in the same room as the defendant's computer.  After being informed of his Miranda rights, O'CONNELL spoke to the agents without an attorney present.    The agents told O'CONNELL that they discovered the additional three thumb drives.   O'CONNELL admitted that he had placed the drives in his jacket to conceal them. He further stated that he did not have any still images of child pornography, only video files, and that he would view the files and delete them so that no one would find them.  O'CONNELL stated that he had battled with this his entire life, and that he only viewed child pornography within his own home.

8.   A preliminary forensic examination of items of computer equipment found in the residence of defendant KEVIN BARRY O'CONNELL has been conducted.   That preview has confirmed the presence of numerous videos of apparent child pornography.   Three of the videos – each of which was found on a different thumb drive recovered from the defendant's residence – which are available for the Court's inspection, included the following:[6]

> a.   An video file titled "12ch.mpg" depicting a male child, approximately 12-14 years old, lying in a bathtub and inserting his fingers into his anus, and lying on a bed, engaged in oral and anal sexual activity with an adult male, which was loaded to a thumb drive by the defendant on May 5, 2012, and was last accessed on October 5, 2012;

> b.   A video file titled "tp1.avi" depicting two male children, each approximately 10-12 years old,

---

[6]   I am informed that the identity of the minors in these images is known to law enforcement (i.e., the identity and age of the child has been discovered by law enforcement).   As such, it appears that these images involve the use of actual (i.e. non-virtual) minors engaging in sexually explicit conduct.

-6-

engaged in oral and anal sexual activity, which was loaded to a thumb drive by the defendant on April 8, 2012, and was last accessed on September 30, 2012; and

c.   An video file titled "iipo.avi" depicting an male child, approximately 10-12 years old, lying on a bed masturbating and displaying his genitals to the camera, after which is depicted an adult male who inserts his fingers into the male child's anus and has anal intercourse with the male child, which was loaded to a thumb drive by the defendant on May 18, 2012, and was last accessed on October 5, 2012.

9.   Defendant KEVIN BARRY O'CONNELL is a former assistant principal at Copiague High School and a former principal at Bellport High School. According to published reports, O'CONNELL was fired from Bellport High School in December 2011 for boosting a student's grades.  HSI agents have confirmed that O'CONNELL is currently working as an administrator in Roosevelt Union Free Schools.

WHEREFORE, your affiant respectfully requests that the defendant KEVIN BARRY O'CONNELL be dealt with according to law.

_Debra Gerbasi_
Debra Gerbasi
Special Agent - HSI

Sworn to before me this
16th day October, 2012

E. THOMAS BOYLE, MJ

THE HONORABLE E. THOMAS BOYLE
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

-7-